IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-1085

Filed 5 August 2026

Alamance County, No. 24CVD000749-000

DEBRA REAVES BRINCEFIELD, Plaintiff,

v.

GEORGE T. BRINCEFIELD, Defendant.

Appeal by defendant from order entered 22 April 2025 by Judge Katie Overby in Alamance County District Court. Heard in the Court of Appeals 21 April 2026.

*No brief for the plaintiff-appellee.*

*Daron D. Satterfield for the defendant-appellant.*

WOOD, Judge.

George T. Brincefield ("Defendant") appeals the trial court's order denying his Rule 60(b) motion for relief from judgment. Defendant asserts the underlying judgment ordering equitable distribution was entered without notice to him and without him ever having a meaningful opportunity to participate. After a careful review of the record and applicable law, we hold the trial court abused its discretion by denying Defendant's motion to set aside judgment.

## I.    Factual and Procedural Background

Defendant and Debra Reaves Brincefield ("Plaintiff")[1] married on 18 October 1999 and separated in 2018, intending for the separation to be permanent. On 8 April 2024, Plaintiff filed a complaint for absolute divorce and equitable distribution. On 22 May 2024, an alias and pluries summons was issued. That same day, the Alamance County Sheriff's Office served Defendant with the complaint.

On 17 October 2024, Plaintiff filed a calendar request and notice of hearing for 30 October 2024 on the issues of divorce, equitable distribution, and resumption of her maiden name. The form states it was sent to Defendant by United States Postal Service ("USPS") on the day of filing to the address listed. Defendant was unrepresented by counsel at this time.

The matter came on for hearing on 30 October 2024; Plaintiff appeared *pro se* and Defendant was not present. The trial court granted Plaintiff's request for divorce and held open the claim for equitable distribution. The trial court entered the divorce judgment the following day. The divorce judgment makes no mention of a future hearing date on the issue of equitable distribution, and the record is devoid of any evidence that Defendant was ever served with any continuance order or notice of hearing for equitable distribution.[2] The issue of equitable distribution came on for hearing on 27 November 2024, and the trial court entered its order the same day.

---

[1] Plaintiff did not submit a brief on appeal.

[2] In fact, there is no certificate of service on any order in the file except for the equitable distribution order and the subsequent show cause motion.

Again, Plaintiff was unrepresented at the hearing and Defendant was not present. The record tends to establish Plaintiff presented testimony, but it is unclear what, or if, other evidence may have been presented. Notably, there are no equitable distribution affidavits for the parties, nor is there a pretrial order in the record. Upon completion of Plaintiff's testimony, the trial court concluded that an equal division of marital and divisible property and debts was not equitable and awarded Plaintiff the marital residence and ordered her to pay a distributive award to Defendant in the amount of $15,000.00 within ninety days of the entry of the order.

On 31 January 2025, Plaintiff filed a motion for contempt and order to show cause alleging Defendant has willfully failed to comply with the 27 November 2024 equitable distribution order because he would not let Plaintiff nor the potential buyer of the marital residence inside of the home, thus impeding the purchase process. On the same day, Plaintiff filed a calendar request and notice of hearing for contempt and show cause with a hearing date of 12 February 2025. The form states it was served upon Defendant by USPS mail.

On 10 March 2025, Defendant filed a motion for relief from judgment pursuant to Rule 60(b)(6) alleging he was not represented at the time of the 27 November 2024 hearing, was unaware of the hearing, did not attend the hearing, and did not receive actual notice of the hearing. Defendant filed an amended verified motion on 24 March 2025 containing the same allegations.

Defendant's motion came on for hearing on 24 March 2025; Defendant, Defendant's attorney, and Plaintiff's attorney were present. At the hearing, Defendant's attorney alleged Defendant was not aware of the 30 October 2024 or the 27 November 2024 hearings because he did not receive any notice of the hearings. In response, the trial court stated it had continued the equitable distribution matter, and notice would have been mailed to Defendant. Further, the trial court asked if Defendant had any proof that he had not received notice:

> TRIAL COURT: In the continuance order, I did, which means it would have been mailed out from either my office or the clerk's office, and I haven't seen anything that's come back to my office or to the clerk's office saying it was undelivered. Do you have any other proof?
>
> DEFENDANT'S COUNSEL: Do you have any - - no, Your Honor; we don't have any documentation saying it was undelivered.
>
> TRIAL COURT: Okay, so I appreciate your Rule 60 motion, but knowing that the Court continued the equit[able] distribution from October 30th until November 27th, [Plaintiff] didn't mail that - the Court did, so the Rule 60 is denied.

Additionally, during the hearing, the parties discussed the show cause and contempt matter that remained pending at the time of the hearing. Plaintiff's counsel stated that if Defendant cooperated and allowed the potential buyer into the marital residence to perform inspections, Plaintiff would not move forward with the contempt hearing. On 22 April 2025, the trial court entered its order denying Defendant's

motion for relief from judgment. On 5 May 2025, Defendant filed written notice of appeal.

## II. Analysis

Defendant argues the trial court erred by denying his motion for relief from judgment made pursuant to Rule 60(b)(6) because a substantial right was affected and the trial court "denied relief solely on the absence of returned mail." After careful review of the record and applicable law, we agree.

### A. Standard of Review

"[A] motion for relief under Rule 60(b) is addressed to the sound discretion of the trial court and appellate review is limited to determining whether the trial court abused its discretion." *Yang Real Est. Invs., LLC v. Affordable Mini Storage of Newton, LLC*, 300 N.C. App. 114, 118, 920 S.E.2d 231, 235 (2025) (quoting *Sink v. Easter*, 288 N.C. 183, 198, 217 S.E.2d 532, 541 (1975)). Under this standard, "we review to determine whether a decision is manifestly unsupported by reason, or so arbitrary that it could not have been the result of a reasoned decision." *Id.* (quoting *Mark Grp. Int'l, Inc. v. Still*, 151 N.C. App. 565, 566, 566 S.E.2d 160, 161 (2002)).

### B. Denial of Rule 60(b)(6) Motion

Defendant argues the trial court abused its discretion by denying his Rule 60(b)(6) motion because there were no findings made "addressing Defendant's verified evidence of non-receipt" and the trial court's decision was based on the trial court's apparent knowledge that notice of the hearing was not returned to the court as

undeliverable. Defendant asserts he "averred under oath that he did not receive notice of either the 30 October 2024 [divorce] hearing or the continued equitable distribution hearing on 27 November 2024 and would have appeared had he received notice."

Defendant filed his motion for relief from judgment pursuant to Rule 60(b)(6) which states, "[o]n motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: . . . (6) Any other reason justifying relief from the operation of the judgment." N.C. Gen. Stat. § 1A-1, Rule 60(b)(6). "The test for whether a judgment, order or proceeding should be modified or set aside under Rule 60(b)(6) is two pronged: (1) extraordinary circumstances exist, and (2) there must be a showing that justice demands that relief be granted." *Crumel v. Morton*, __ N.C. App. __, __, 926 S.E.2d 431, 434 (2026) (quoting *Howell v. Howell,* 321 N.C. 87, 91, 361 S.E.2d 585, 588 (1987)).

The trial court is not required to make written findings of fact unless requested to do so by a party. *Milton M. Croom Charitable Remainder Unitrust v. Hedrick*, 188 N.C. App. 262, 266, 654 S.E.2d 716, 720 (2008). However, "[w]hen, as in the instant case, the trial court does not make findings of fact in its order denying the motion to set aside the judgment, the question on appeal is whether, on the evidence before it, the court could have made findings of fact sufficient to support its legal conclusion." *Id.* (cleaned up).

Here, the record establishes that justice demands relief be granted because the trial court's order denying Defendant relief from judgment is one that is "unsupported by reason or one so arbitrary that it could not have been the result of a reasoned decision." *Venters v. Albritton*, 184 N.C. App. 230, 237, 645 S.E.2d 839, 844 (2007) (cleaned up). "The fundamental premise of procedural due process protection is notice and the opportunity to be heard." *Peace v. Emp. Sec. Comm'n of North Carolina*, 349 N.C. 315, 322, 507 S.E.2d 272, 278 (1998).

At the hearing, the trial court simply dismissed Defendant's argument that he did not have notice of the equitable distribution hearing because the continuance order "would have mailed out from either [the trial court's] office or the clerk's office, and [the trial court hadn't] seen anything that's come back to [the trial court's] office or to the clerk's office saying it was undelivered." The trial court did not require the movant to show notice had been sent and, instead, presumed notice had been provided by either the Judges Office or the Clerk of Court, with no supporting documentation of such in the record. After a thorough review, we can find nothing in the record to show Defendant was noticed nor to dispute Defendant's contention that he was not given notice. Further, the trial court appears to have shifted the burden to the Defendant to disprove he was noticed even though the record contains no evidence notice was given. The trial court should have inquired of the movant what steps were taken to provide notice or otherwise verified Defendant had been served with notice of the equitable distribution hearing prior to ruling on Defendant's motion

for relief from judgment.

Rule 5(d) of the North Carolina Rules of Civil Procedure provides that "all notices of hearing," "shall be filed with the court, either before service or within five days after service." N.C. Gen. Stat. § 1A-1, Rule 5(d)(2). Further, Rule 6(d) of the North Carolina Rules of Civil Procedure provides that "[a] written motion . . . and notice of the hearing thereof shall be served not later than five days before the time specified for the hearing, unless a different period is fixed by these rules or by order of the court." N.C. Gen. Stat. § 1A-1, Rule 6(d). Because notice of the hearing or a certificate of service of the continuance order were required to have been filed with the court prior to the hearing, the trial court would have been able to view those filings if they existed. N.C. Gen. Stat. § 1A-1, Rule 5(d)(2). The trial court instead presumed Defendant received notice of the equitable distribution hearing under its own belief that either the trial court's office or clerk's office sent the continuance order, but there is no evidence the trial court made *any* attempt to verify Defendant received adequate notice. Our review of the record further reveals it is devoid of *any* evidence that a copy of the alleged continuance order had been sent to Defendant, by whom it would have been sent, or that a continuance order had actually been filed.

"Adequate notice is defined as 'notice reasonably calculated, under all circumstances, to appraise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Trivette v. Trivette*, 162 N.C. App. 55, 58-59, 590 S.E.2d 298, 302 (2004) (quoting *City of Randleman v. Hinshaw*, 267

N.C. 136, 140, 147 S.E.2d 902, 905 (1966)). While "[i]t is generally held that parties have constructive notice of all orders and motions made during a regularly scheduled court date," "we have held that this rule can bend when necessary to 'embrace common sense and fundamental fairness.'" *Id.* at 59, 590 S.E.2d at 302 (quoting *Hagins v. Redevelopment Comm'n of Greensboro*, 275 N.C. 90, 98, 165 S.E.2d 490, 495 (1969)). In *Trivette v. Trivette*, this Court held that there was no need to depart from this general rule when the defendant, who was not present at a hearing during which the matter was continued, admitted he had actual notice of the hearing date and knew the matter would be continued to some future date; thus, the defendant had a duty to either attend the hearing or "affirmatively inquire as to the date on which the new hearing was scheduled." *Id.* Additionally, the defendant in *Trivette* admitted to having actual notice of the continued court date. *Id.*

Similar to the defendant in *Trivette*, Defendant was not present nor did he have counsel present at the divorce hearing where the issue of equitable distribution was continued. However, unlike the defendant in *Trivette*, Defendant does not admit to having actual notice of the equitable distribution hearing; Defendant specifically argues he was not aware of the equitable distribution hearing and our review of the record reveals no evidence to the contrary. While the trial court presumed notice of the equitable distribution hearing had been sent, the record does not reveal: (1) that a copy of the alleged continuance order had been sent to Defendant; (2) who would have sent the alleged continuance order; or (3) that a continuance order had actually

been filed. Moreover, no equitable distribution inventory affidavits were filed by either party as required by the local rules, and the trial court did not enter any equitable distribution pretrial orders. Without evidence that *any* of the requirements of Rule 5 or Rule 6 were met or evidence that Defendant had actual notice of the equitable distribution hearing, we cannot say Defendant's "right to due process and notice of the proceedings was not violated." *Cf. Venters*, 184 N.C. App. at 238, 645 S.E.2d at 845 (finding that "[e]ach and every pleading, order, notice of hearing, and discovery request was filed with the Clerk of Court and service was properly attempted upon defendant. Thus, the requirements of Rule 5(b) were met, and defendant's right to due process and notice of the proceedings was not violated.").

The trial court did not make findings of fact, and, based on the record before us, we cannot presume findings that would support the trial court's ruling with any reasonable basis. Our review of the transcripts in this case does not show that the trial court's decision to deny relief was supported by competent inquiry or any evidence. *See LouEve, LLC v. Ramey*, 286 N.C. App. 263, 269, 880 S.E.2d 431, 436 (2022). "Notice and an opportunity to be heard prior to depriving a person of his property are essential elements of due process of law which is guaranteed by the Fourteenth Amendment of the United States Constitution and Article 1, section 17, of the North Carolina Constitution." *Dalgewicz v. Dalgewicz*, 167 N.C. App. 412, 418, 606 S.E.2d 164, 168 (2004) (quoting *McDonald's Corp. v. Dwyer*, 338 N.C. 445, 448, 450 S.E.2d 888, 891 (1994)). Therefore, the trial court's unsupported denial of

Defendant's Rule 60(b)(6) motion is overruled.

### III.    Conclusion

For the reasons stated herein, we conclude the trial court abused its discretion by denying Defendant's motion to set aside the equitable distribution order because its ruling was manifestly unsupported by reason.  The trial court relied solely on its own belief that notice of the equitable distribution hearing had been sent to Defendant without making any inquiry into or requesting to view any evidence that could support a finding that Defendant had actually been sent notice of the hearing.  Consequently, we reverse the trial court's order denying Defendant's motion for relief pursuant to Rule 60(b)(6).

REVERSED AND REMANDED.

Judges CARPENTER and STADING concur.